UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SANDRELE WILLIAMS,

    Plaintiff,

v.                                                                                          CASE NO.:

QUALITY DINING, INC. D/B/A
BURGER KING RESTAURANT,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SANDRELE WILLIAMS, by and through her undersigned counsel, brings this action against Defendant, QUALITY DINING, INC. D/B/A BURGER KING RESTAURANT, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $15,000, exclusive of interest, fees, and costs, injunctive relief, and declaratory relief against Defendant for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Northern District of Florida, Gainesville Division, because all of the events giving rise to these claims occurred in Alachua County, Florida.

### THE PARTIES

4. Plaintiff is a resident of Alachua County, Florida.

5. Defendant operated and continues to operate a restaurant located in Alachua County, Florida, during all times relevant to this Complaint.

1

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

13. Approximately ten (10) years ago, Plaintiff began working for Defendant with her final position being a general manager for one of Defendant's restaurants.

14. Plaintiff is African American.

15. During Plaintiff's tenure with Defendant, Plaintiff satisfactorily performed all of the essential duties of her position(s), including receiving promotions and raises.

16. During her employment with Defendant, Plaintiff was subjected to discrimination by Defendant solely because of her race, including without limitation, as described below.

17. Plaintiff's restaurant was targeted for review of issues more than the other restaurants with non-African-American General Managers.

18. Plaintiff's restaurant was operating without air conditioning while the restaurants with non-African-American General Managers had air conditioning.

19. Defendant's non-African-American General Managers received training which Plaintiff did not receive.

20. Defendant would relocate employees trained by Plaintiff to the restaurants with Defendant's non-African-American General Managers.

21. Most recently, in or around the third week of August 2017, Plaintiff again complained and objected to Defendant regarding Defendant's unlawful racially discriminatory conduct against her.

22. Instead of taking appropriate and remedial action based on Plaintiff's complaints and objections to Defendant's unlawful racial discrimination, in close temporal proximity to Plaintiff's complaints and objections to Defendant regarding Defendant's unlawful racial discrimination against her, Defendant unlawfully retaliated against Plaintiff based on her said complaints and objections, including without limitation, Defendant unlawfully terminating Plaintiff's employment on or about August 29, 2017.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
## (RACE DISCRIMINATION)

23. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class of persons under Section 1981.

25. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

26. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

27. Defendant's actions were willful and done with malice.

28. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

29. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

30. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class of persons under Section 1981.

32. By complaining about the race discrimination she was suffering at work, Plaintiff engaged in protected activity under Section 1981.

33. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating her employment.

34. Defendant's actions were willful and done with malice.

35. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

36. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

37. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated August 27, 2018.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorney for Plaintiff**

And

**SCOTT M. WEAVER**
Florida Bar Number: 573221
The Weaver Law Firm
801 West Bay Drive, Suite 426
Largo, FL 33770
Main Number: 727-316-5330
Facsimile: 727-499-7322
Email: scott@theweaverlawfirm.com
Attorney for Plaintiff